**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| MARC FIEDLER | * | |
| 2737 Devonshire Place, N.W. | * | |
| Apartment 316 | * | |
| Washington, DC 20008 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No._____ |
| | * | |
| RASIKA WEST END LLC | * | Jury Trial Demanded |
| 631 D Street, N.W. | * | |
| Suite 127 | * | |
| Washington, DC 20004 | * | |
| | * | |
| Serve: | * | |
| Ashok Bajaj | * | |
| 631 D Street, N.W. | * | |
| Suite 127 | * | |
| Washington, DC 20004 | * | |
| | * | |
| and | * | |
| | * | |
| KNIGHTSBRIDGE MANAGEMENT, INC. | * | |
| 631 D Street, N.W. | * | |
| Suite 127 | * | |
| Washington, DC 20004 | * | |
| | * | |
| Serve: | * | |
| Ashok Bajaj | * | |
| 631 D Street, N.W. | * | |
| Suite 127 | * | |
| Washington, DC 20004 | * | |
| | * | |
| and | * | |
| | * | |
| EASTBANC INC. | * | |
| 3307 M Street, N.W. | * | |
| Suite 400 | * | |
| Washington, DC 20007 | * | |
| | * | |

```
        Serve:                          *
        CSC                             *
        1090 Vermont Ave., N.W.         *
        Washington, DC 20007            *
                                        *
        and                             *
                                        *
TBRC LLC                                *
3307 M Street, N.W.                     *
Suite 400                               *
Washington, DC 20007                    *
                                        *
        Serve:                          *
        GYFB Inc.                       *
        1200 New Hampshire Ave., N.W.   *
        Suite 555                       *
        Washington, DC 20036            *
                                        *
        Defendants.                     *
                                        *
_____ *
```

## COMPLAINT

### INTRODUCTION

1.  Plaintiff Marc Fiedler ("Mr. Fiedler"), by undersigned counsel, brings this action for

declaratory, injunctive and monetary relief against Defendants Rasika West End LLC,

Knightsbridge Management Inc.,  EastBanc Inc. and TBRC LLC (collectively, "Defendants") for

discrimination on the basis of disability in violation of Title III of the Americans with

Disabilities Act of 1990, 42 U.S.C. §§ 12181–12189 ("ADA"), and the District of Columbia

Human Rights Act, D.C. Code §§ 2-1401.01–1404.04 ("DCHRA").  Defendants failed to design

and construct the restaurant known as Rasika West End (the "Restaurant"), which they own,

lease, lease to or operate, so that it is readily accessible to, and usable by, individuals with

disabilities who use wheelchairs, including Mr. Fiedler.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over the ADA claim under 28 U.S.C. § 1331 because it arises under a law of the United States, 42 U.S.C. § 12188(a)(1).  This Court also has jurisdiction over the ADA claim under 28 U.S.C. § 1343(a)(4) because it is authorized by law to secure equitable relief under an act of Congress providing for the protection of civil rights, 42 U.S.C. § 12188(a)(1).

3.   This Court has supplemental jurisdiction over the DCHRA claim under 28 U.S.C. § 1367(a) because it is so related to the ADA claim that they form part of the same case or controversy under Article III of the United States Constitution.

4.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district.  Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Mr. Fiedler's claims occurred in this district, and the property that is the subject of this action is situated in this district.

## PARTIES

5.   Plaintiff Marc Fiedler is a natural person and citizen of the United States who resides in the District of Columbia.  Since 1975, he has been quadriplegic due to a cervical spinal-cord injury.  He uses a wheelchair for mobility.

6.   Upon information and belief, Defendant Rasika West End LLC is a District of Columbia limited-liability corporation that is located at 631 D Street, N.W. Suite 127, Washington, DC 20004, and it owns or operates the Restaurant, which is located at 1190 New Hampshire Avenue, N.W., Washington, DC 20037.

7.   Upon information and belief, Defendant Knightsbridge Management Inc. is a District of Columbia corporation that is located at 631 D Street, N.W. Suite 127, Washington, DC 20004, and it owns or operates the Restaurant.

8.   Upon information and belief, Defendant EastBanc Inc. is a District of Columbia corporation that is located at 3307 M Street, Suite 400, Washington, DC 20007, and it owns the building in which the Restaurant is located and leases space to the owners or operators of the Restaurant.

9.   Upon information and belief, Defendant TBRC LLC is a District of Columbia limited-liability corporation that is located at 3307 M Street, Suite 400, Washington, DC 20007, and it owns the building in which the Restaurant is located and leases space to the owners or operators of the Restaurant.

## FACTUAL ALLEGATIONS

10. A friend of Mr. Fiedler's invited him to attend a dinner party to be held on December 11, 2014 at the Restaurant.

11. When Mr. Fiedler arrived at the Restaurant for the party, he was informed that the party was located in a room called "the library room" that was several steps up from the main level of the restaurant.

12. Mr. Fiedler was told that the only ways for him, in his wheelchair, to enter the library room would be by going through a loading dock or by being carried.  Mr. Fiedler rejected both alternatives as unacceptable because the latter was unsafe and both were undignified.

13. Mr. Fiedler and his host asked the Restaurant's staff whether any accommodations could be made to ensure that Mr. Fiedler could join the party, such as by relocating the party to another

area of the Restaurant that was accessible to all guests, including wheelchair users such as Mr.

Fiedler.  The Restaurant's staff responded that no accommodation could be made.

14. Disappointed, exasperated and humiliated, Mr. Fiedler left the restaurant.

## CLAIMS FOR RELIEF

### COUNT I

**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 U.S.C. §§ 12181–12189**

15. Mr. Fiedler incorporates every allegation in this Complaint as if fully set forth herein.

16. The ADA provides that "[n]o individual shall be discriminated against on the basis of

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

or accommodations of any place of public accommodation by any person who owns, leases (or

leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

17. Discrimination under the ADA includes "a failure to design and construct facilities for

first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable

by individuals with disabilities."  42 U.S.C. § 12183(a)(1).

18. The ADA defines "disability," with respect to an individual, as including "a physical or

mental impairment that substantially limits one or more major life activities of such individual."

42 U.S.C. § 12102(1)(A).

19. The ADA defines "major life activities" as including "walking."  42 U.S.C. §

12102(2)(A).

20. The ADA defines "public accommodation" as a private entity whose operations affect

commerce, including "a restaurant, bar, or other establishment serving food or drink."  *Id.* §

12181(7)(B).

21. Mr. Fiedler is an individual with a disability within the meaning of the ADA because he has a physical impairment that substantially limits his major life activity of walking.

22. The Restaurant is a public accommodation within the meaning of the ADA because it is a private entity, it is a restaurant and its operations affect commerce.

23. Defendants are entities covered by Title III of the ADA because they own, lease (or lease to) or operate a place of public accommodation, namely, the Restaurant.

24. The Restaurant is a newly constructed place of public accommodation within the meaning of Title III of the ADA because, upon information and belief, it was first occupied after January 26, 1993.

25. Defendants discriminated against Mr. Fiedler in violation of Title III of the ADA by denying him, on the basis of his disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of the Restaurant because Defendants did not provide an accessible route to the library room.

26. Defendants further discriminated against Mr. Fiedler in violation of Title III of the ADA by failing to design and construct the Restaurant to be readily accessible to and usable by individuals with disabilities because Defendants did not provide an accessible route to the library room.

## COUNT II

### VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT
### D.C. CODE §§ 2-1401.01–1404.04

27. Mr. Fiedler incorporates every allegation in this Complaint as if fully set forth herein.

28. The DCHRA provides that "[i]t shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the actual or

perceived . . . disability . . . of any individual: . . . [t]o deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations . . . ."  D.C. Code § 2-1402.31(a)(1).

29. The DCHRA further provides that "[a]ny practice which has a discriminatory effect and which would otherwise be prohibited by this chapter shall not be deemed unlawful if it can be established that such practice is not intentionally devised or operated to contravene the prohibitions of this chapter and can be justified by business necessity.  Under this chapter, a 'business necessity' exception is applicable only in each individual case where it can be proved by a respondent that, without such exception, such business cannot be conducted; a 'business necessity' exception cannot be justified by the facts of increased cost to business, business efficiency, the comparative characteristics of one group as opposed to another, the stereotyped characterization of one group as opposed to another, and the preferences of co-workers, employers, customers or any other person."  D.C. Code § 2-1401.03(a).

30. The DCHRA defines "disability" as including "a physical or mental impairment that substantially limits one or more of the major life activities of an individual."  D.C. Code § 2-1401.02(5A).

31. The DCHRA defines "place of public accommodation" as including "restaurants or eating houses, or any place where food is sold for consumption on the premises."  D.C. Code § 2-1401.02(24).

32. Mr. Fiedler is an individual with a disability within the meaning of the DCHRA because he has a physical impairment that substantially limits his major life activity of walking.

33. The Restaurant, Rasika West End, is a public accommodation within the meaning of the DCHRA because it is a restaurant.

34. Defendants are entities covered by the DCHRA because they own, lease (or lease to) or operate a place of public accommodation, namely, the Restaurant.

35. Defendants discriminated against Mr. Fiedler in violation of the DCHRA because, wholly or partially for a discriminatory reason based on his disability, they denied him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant.

36. Defendants further discriminated against Mr. Fiedler in violation of the DCHRA because their failure to provide an accessible route to the library room had the discriminatory effect of denying him, based on his disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant.

37. Defendants' failure to provide an accessible route to the library room cannot be justified by business necessity because providing an accessible route to the library room would not prevent Defendants' businesses from being conducted.

38. Defendants' violation of the DCHRA has proximately caused Mr. Fiedler to suffer embarrassment, humiliation, frustration, anger and indignity.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Fiedler prays that this Court:

(a)     grant judgment under 28 U.S.C. § 2201(a), 42 U.S.C. § 12188(a)(1), and D.C. Code § 2-1403.16 in favor of Mr. Fiedler and declare that Defendants violated Title III of the ADA, 42 U.S.C. §§ 12181-12189, and the DCHRA, D.C. Code §§ 2-1401.01 to -1404.04;

(b)     enjoin Defendants and their employees, agents and successors under 42 U.S.C. § 12188(a)(1) and D.C. Code § 2-1403.16 from engaging in discrimination against individuals

with disabilities, and specifically from failing to comply with Title III of the ADA, 42 U.S.C. §§ 12181-12189, and the DCHRA, D.C. Code §§ 2-1401.01 to -1404.04;

(c)      order Defendants under 42 U.S.C. § 12188(a)(2) and D.C. Code § 2-1403.16 to alter the facilities of the Restaurant, including providing an accessible route to the library room, as is necessary and appropriate to make it readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, and to ensure that individuals with disabilities, including individuals who use wheelchairs, are afforded the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant;

(d)      award monetary damages to Mr. Fiedler under D.C. Code § 2-1403.16 to compensate him for the injuries that he suffered as a result of Defendants' unlawful discrimination;

(e)      award reasonable attorney's fees, including litigation expenses, and costs under 42 U.S.C. § 12205 and D.C. Code § 2-1403.16; and

(f)      grant such other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS.**

Dated: December 11, 2015                 Respectfully submitted,

/s/ Joseph M. Sellers
Joseph M. Sellers, Bar No. 318410
Shaylyn Cochran, Bar No. 1012977
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699
jsellers@cohenmilstein.com
scochran@cohenmilstein.com

*Attorneys for Plaintiff*